IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID A. HUNT,

        Plaintiff,

    v.

AURORA LOAN SERVICES, LLC., a Colorado Limited Liability Company,

        Defendant.

CV-11-MC-9085-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Pursuant to FRCP 27, petitioner, David A. Hunt, appearing *pro se,* has filed a Petition to Perpetuate Testimony in order to obtain evidence in anticipation of filing a complaint against defendant, Aurora Loan Services, LLC ("ALS"). For the reasons set forth below, the Petition should be dismissed.

1 - FINDINGS AND RECOMMENDATION

## STANDARDS

A petition to perpetuate testimony brought pursuant to FRCP 27(a) enables a person under certain limited circumstances to seek perpetuation of testimony before an action is filed. "Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show . . . that without the perpetuation of the testimony a failure or delay of justice will occur." *See In re Eisenberg*, 654 F2d 1107, 1111 (5th Cir 1981).

The petitioner "may file a verified petition in the district court for the district where any expected adverse party resides" and must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses; so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

FRCP 27(a).

## FINDINGS

Petitioner alleges that he intends to file a complaint in this court against ALS and its member, Aida Y. Sarmast, seeking a declaratory judgment as to ALS's asserted right to foreclose on a Deed of Trust against petitioner's property in Bend, Oregon. In particular, petitioner desires to know whether ALS is the holder or the agent of the holder of a promissory note executed by petitioner to Sunset Mortgage Company. Petition, ¶¶ 3-4. Petitioner complains that ALS has not provided him "documentary evidence of an unbroken chain of title" and thus "lacks the evidence

sufficient to bring an action or cause it to be brought." *Id*.  Petitioner expects the evidence to show that he is not in default, that the chain of title from the originator to ALS is broken, and that ALS is not a *bona fide* holder in due course or the agent of such a holder. *Id*, ¶ 6.  Petitioner "fears that [ALS], if given time, will fabricate evidence to support their claim like so many other so-called lenders and foreclosure mills in the foreclosure industry, a fact which has been clearly established by way of depositions taken throughout the nation, live court testimony and myriad media investigative articles, all of which resides conspicuously in the public domain." *Id*, ¶ 5.

The Petition fails to comply with FRCP 27 in several respects.  First, petitioner fails to allege that the District of Oregon is "where any expected adverse party resides" and also fails to provide the address of the of the person he wishes to depose (Aida Y. Sarmast) or the expected substance of that testimony as required by FRCP 27(a)(1).

Second, even if these defects were remedied, petitioner must demonstrate a present inability to bring any action at the time the petition is presented.  *Martin v. Reynolds Metals Corp.,* 297 F2d 49, 55 (9th Cir 1961) ("the party seeking the deposition [must] be unable to bring the suit or cause it to be brought").  Petitioner does not allege that he is presently unable to file suit in this court, but merely alleges that he lacks the evidence to do so.

However, FRCP 27 is not a license for general discovery.  *State v. Nev. v. O'Leary*, 63 F3d 932, 936 (9th Cir 1995); *see also Ash v. Cort,* 512 F2d 909, 912 (3rd Cir1975) ("Rule 27 is not a substitute for discovery.").  Therefore, it may not be used as "a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *In re Boland*, 79 FRD 665, 668 (D DC 1978), citing *Petition of Gurnsey*, 223 F Supp 359, 360 (D DC 1963); *Biddulph v. United States*, 239 FRD 291, 293 (D DC 2007) (denying Rule 27

3 - FINDINGS AND RECOMMENDATION

petition where petitioner's interest is "in assessing the viability of various causes of action in advance of filing a complaint").

Third, the petitioner must show "an immediate need to perpetuate testimony." *See Penn. Mut. Life Ins. Co. v. United States*, 68 F3d 1371, 1375 (DC Cir 1995). FRCP 27 "properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *See Ash*, 512 F2d at 911. A petition may be granted where, for example, a witness will be unavailable due to infirmity or age. *See, e.g., Lucas v. Judge Advocate Gen., Naval Criminal Investigate Servs.*, 245 FRD 8, 9 (D DC 2007), *affirmed*, 279 Fed Appx 11 (DC Cir 2008) (citations omitted); *In re Delta Quarries and Disposal, Inc.*, 139 FRD 68, 70 (MD Pa 1991) (proposed deponent suffered from heart-related problems and diseases). Similarly, the necessity for preserving testimony exists when a vessel with crew members possessing particular knowledge of a dispute is about to leave port. *In re Deiuleman di Navigazione*, 153 FRD 592, 593 (ED La 1994). "Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory." *In re Landry-Bell*, 232 FRD 266, 267 (WD La 2005).

Petitioner does not allege any facts that tend to support a finding that the information he seeks is likely to be lost or destroyed prior to being able to file any suit. He only expresses a fear that "if given time, [ALS] will fabricate evidence to support their claim." The only evidence at issue is the chain of title to petitioner's property. Whatever interest ALS asserts in petitioner's property through the chain of title is a matter of public record. Either the public record supports the chain of title or it does not. Whether documents are later fabricated will not change the public record. No testimony will shed light on that issue.

4 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Because petitioner misperceives the purpose of a Rule 27 petition and fails to show that the perpetuation of testimony by Aida Y. Sarmast may prevent a failure or delay of justice, the Petition for FRCP 27 discovery prior to the filing of a complaint should be dismissed.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 21, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 4th day of April, 2011.

                              s/ Janice M. Stewart_____
                              Janice M. Stewart
                              United States Magistrate Judge