IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID A. HUNT,                                              11-MC-9085-ST

        Plaintiff,                                  ORDER

v.

AURORA LOAN SERVICES, LLC,
a Colorado Limited Liability
Company,

        Defendant.


DAVID A. HUNT
61136 Tapadera Street
Bend, OR 97702
541-280-1990

        Plaintiff, *Pro Se*

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#2) on April 4, 2011, in which she recommends the Court dismiss Plaintiff David A. Hunt's Petition (#1) to Perpetuate Testimony.  Plaintiff filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Magistrate Judge Stewart recommended dismissing Plaintiff's Petition on the ground that it does not comply with Federal Rule of Civil Procedure 27(1) because Plaintiff failed (1) to allege "any expected adverse party resides" in Oregon, (2) to provide the address of the person he wishes to depose, (3) to provide the expected substance of the testimony, (4) to establish he was presently unable to bring any action, and (5) to establish an immediate need to perpetuate the testimony.

In his Objections, Plaintiff provides the address of the individual he wishes to depose.  Nevertheless, Plaintiff fails to

2 - ORDER

allege that any "expected adverse party" resides in Oregon. Although Plaintiff alleges Defendant, a limited liability company, "does business in Oregon," the Supreme Court has made clear that the citizenship and residence of a limited liability company depends on the citizenship of all of its members rather than whether the company does business in a particular state. *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). Here Plaintiff fails to allege the residence of any of the members of the defendant limited liability company.

   Plaintiff did not explicitly object to the Magistrate Judge's finding that Plaintiff failed to allege facts sufficient to establish that there is an immediate need to perpetuate the testimony. Nevertheless, the Court notes Rule 27 "properly applies in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909. 912 (3d Cir. 1975). *See also Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001)("The scope of the inquiry that may be permitted under Rule 27 is narrower than that which is permissible under the more general rule governing discovery, Fed. R. Civ. P. 26(b). *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995). In particular, Rule 27 may be used only to perpetuate important 'known testimony' that might otherwise be lost.").

> Among the factors that courts have found to be persuasive in justifying the need to perpetuate testimony are: 1) advanced age or infirmity of witness; 2) the possibility that the witness will

3 - ORDER

>   not be willing to testify if discovery is delayed;
>   and 3) the uniqueness of the information at issue.
>   *See, e.g., Penn Mutual Life Insurance Company v.
>   United States of America and the Internal Revenue
>   Service*, 68 F.3d 1371, 1375 (D.C. Cir. 1995)
>   (permitting deposition under Rule 27(a) on the
>   basis that witness was 80 years old and therefore,
>   that there was significant risk that testimony
>   would be lost); *Texaco v. Borda*, 383 F.2d 607, 609
>   (3d Cir. 1967)(permitting deposition under Rule 27
>   on the basis that the witness was 71 years old);
>   *Thomas* (permitting discovery on unexhausted claim
>   where facts showed that witness might not be
>   willing to cooperate in the future).

*Tennison*, 203 F.R.D. at 441.  Plaintiff does not allege the witness he seeks to depose is of advanced age or will not be willing to testify if discovery is delayed.  As the Magistrate Judge noted, Plaintiff's allegation in his Petition to Perpetuate Testimony that "if given time [Defendant] will fabricate evidence to support [its] claim" is insufficient because the only evidence at issue here is the chain of title to Plaintiff's property, which is a matter of public record.

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and

4 - ORDER

Recommendation (#2) and, therefore, **DISMISSES** Plaintiff's Petition (#1) to Perpetuate Testimony.

    IT IS SO ORDERED.

    DATED this 6th day of June, 2011.

                                  /s/ Anna J. Brown

                                  _____
                                  ANNA J. BROWN
                                  United States District Judge